**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 03:50 PM May 25, 2017**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DONALD L. BASYE, | ) | CASE NO. 16-61628 |
| | ) | |
| Debtor. | ) | ADV. NO. 16-6044 |
| _____ | ) | |
| BRIDGET BASYE, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| DONALD L. BASYE, | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| Defendant. | ) | |

Now before the court is Plaintiff's motion for summary judgment brought pursuant to Bankruptcy Rule 7056. Defendant opposes the motion.

The court has jurisdiction of this proceeding under 28 U.S.C. § 1334(b) and the general order of reference entered by the United States District Court on April 4, 2012. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(I) and the court has authority to issue final entries. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Plaintiff is the ex-wife of Debtor. They married in 2002, separated in 2012, and divorced in 2014. During their marriage, they bought a home at 237 Markey St., Belleville, Ohio. On August 14, 2014, in conjunction with the parties' divorce, the Richland County Court of Common Pleas, Division of Domestic Relations, awarded the residence to Defendant-debtor:

> Defendant is hereby granted all right, title and interest in the Property. Defendant shall be solely responsible for any and all debt and expenses relating to the property and shall hold Plaintiff harmless thereon. Defendant shall refinance the mortgage attached to the property to remove Plaintiff's name within one year of the date of this entry. Defendant shall provide proof to Plaintiff that Plaintiff's name is removed from the mortgage and, thereafter, within fourteen days of being presenting (sic) with a quit claim deed for signature, Plaintiffshall sign a quitclaim deed releasing any and all interest in the property.
>
> Should Defendant be unable to refinance the mortgage within one year, the property shall be immediately listed for sale and sold for the best price attainable. If the property is not sold within one year, the property shall be sold at auction. Should the sale of the property result in a deficiency owed on the mort- gage, Defendant shall be solely responsible for said deficiency and hold Plaintiff harmless thereon. Should the sale of the property result in a profit, Defendant shall retain all profit.

(Complaint Ex. A at pp. 2-4, ECF No. 1)

The mortgage was not refinanced and a quit-claim deed was not executed. Defendant sold the residence on November 30, 2015 and Plaintiff's signature was required at closing. The sale price was not sufficient to cover the balance on the mortgage, resulting in a deficiency balance in excess of $54,000.00. Plaintiff remains obligated on the note with the mortgage company.

Defendant filed a chapter 7 bankruptcy case on August 9, 2016 and listed the deficiency balance on the mortgage as an unsecured debt. His ex-wife was not listed as a creditor. She filed an adversary complaint seeking nondischargeability under 11 U.S.C. § 523(a)(15) on December 7, 2016. Defendant answered the complaint and asserted affirmative defenses, contending he attempted to hold Plaintiff harmless on the note but she failed to cooperate,

resulting in her continued liability. As a result, he argues the debt should be discharged. She disputes that failed to cooperate. Although she admits receiving a financial assistance application from the mortgage company, she elected not to complete and return the application for "fear disclosing the requested information just makes it easier for the lender to collect the unpaid Marital Debt balance from me." (M. Summ. Judg., Aff. of Bridget Basye ¶ 28, ECF No. 11)

## **DISCUSSION**

To succeed on her motion for summary judgment, Plaintiff must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Bankr.Pro. 7056. When reviewing the motion, the court is to view the evidence in the light most favorable to Defendant, the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted). If Plaintiff meets her burden of showing the absence of genuine issues of fact, the burden shifts to Defendant to establish the existence of a fact requiring trial. Automated Sol. Corp., v. Paragon Data Sys., Inc., 756 F.3d 504, 521 (6th Cir. 2014) (citation omitted).

Relying on § 523(a)(15), Plaintiff contends Defendant cannot discharge the mortgage deficiency balance. That provision excepts from discharge debts owed

> to a spouse, former spouse or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15). Courts in this district use a three part test to determine if a debt is nondischargeable under § 523(a)(15): the debt must (1) be to a spouse, former spouse, or child of the debtor; (2) not be a domestic support obligation under § 523(a)(5), and (3) have arisen during or in connection with a domestic relations proceeding. Damschroeder v. Williams (In re Williams), 398 B.R. 464, 468 (Bankr. N.D. Ohio 2008); Paulus v. Paulus (In re Paulus), 2011 WL 2560285, *2 (Bankr. N.D. Ohio 2011 (unpublished); Cheatham v. Cheatham (In re Cheatham), 2009 WL 2827951, *4 (Bankr. N.D. Ohio 2009) (unpublished); Johnson v. Johnson (In re Johnson), 2007 WL 3129951, *3 (Bankr. N.D. Ohio 2007) (unpublished). None these elements is in dispute. Consequently, Plaintiff has met her burden for summary judgment on her claim, transferring the burden to Defendant to establish a question of fact warranting trial.

Defendant and Plaintiff clearly have differing versions of facts. For example, Defendant says Plaintiff refused to sign a quit-claim deed, she refutes this. Defendant also suggests he initiated a request for Plaintiff's release from the mortgage liability, she disagrees. These disputes, however, are not material because there is a preponderant question of law that precedes determination of any factual issue, namely whether Defendant can offer an affirmative defense to

3

challenge dischargeability under § 523(a)(15). Looking at legislative history and the policies underlying the BAPCPA changes, the court answers this question "no."

Prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), section 523(a)(15) contained two affirmative defenses. Under the old provision, if a debtor could prove an inability to pay the debt or demonstrate that the benefit of discharge outweighed the detriment to the former spouse/child, the debt could be discharged even it otherwise satisfied the elements for nondischargeability. BAPCPA eliminated these defenses "and made property settlement debts encompassed under § 523(a)(15) unqualifiedly nondischargeable." Paulus, 2011 WL 2560285 at *2 (quoting 4 Collier on Bankruptcy ¶ 523.23 at 523-127 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.) (other citation omitted)); *see also* Williams, 398 B.R. at 468 (stating "after BAPCPA any debt falling within the scope of section 523(a)(15) is absolutely nondischargeable"). Congress's elimination of these affirmative defenses indicates an intention to broaden nondischargeability. Taylor v. Taylor (In re Taylor), 478 B.R. 419, 428 (B.A.P. 10th Cir. 2012). Acceptance of Defendant's defense would defeat this intent.

Additionally, allowing Defendant to claim the proffered defense would also counter the policy underlying § 523(a)(15). Courts have explained that "the elimination of these defenses is intended to reflect Congress's strong policy in favor of protecting ex-spouses and children and to cover any matrimonial debts that 'should not justifiably be discharged.'" Berse v. Langman (In re Langman), 465 B.R. 395, 405 (Bankr. D. N.J. 2012) (citations omitted). Collier's further provides

> The enactment of subsection 523(a)(15) and the increase in the scope of the discharge exception effected by the 2005 amendments, (sic) expresses Congress's recognition that the economic protection of dependent spouses and children under state law is no longer accomplished solely through the traditional mechanism of support and alimony payments. State courts do not always draw a sharp distinction between support and property division in providing for the postdivorce economic security of dependent family members. Property settlement arrangements are often "important components of the protection afforded individuals who, during the marriage, depended on the debtor for their economic well-being."

4 Collier on Bankruptcy ¶ 523.23 at 523-128 (citation omitted). Permitting an obligor to challenge nondischargeability through affirmative defenses defeats this purpose.

The court concludes that Defendant's affirmative defense fails because the statute recognizes no such affirmative defense. Since Plaintiff established a lack of genuine issue of material fact on the elements of her § 523(a)(15) claim for nondischargeability, and Defendant has not established the existence of a disputed material fact, the court will grant Plaintiff's motion for summary judgment by separate order.

4

This only means that the debt is not discharged in bankruptcy. This does not mean that the state court cannot adjust the parties' liabilities due to their conduct pursuant to that court's primary jurisdiction of such matters.

#   #   #

**Service List:**

Eric S Miller
13 Park Ave. W., Ste. 608
Mansfield, OH 44902

R Joshua Brown
32 Lutz Avenue
Lexington, OH 44904